UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AUSTRIAN AIRLINES OESTERREICHISCHE      :
LUFVERKEHRS AG,

         :       04 Civ. 3854 (RCC) (AJP)

        Plaintiff,

         :      **OPINION & ORDER**

      -against-
         :

UT FINANCE CORPORATION,
         :

        Defendant.
         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Chief Magistrate Judge:**

Presently before the Court is defendant UTF's application to strike plaintiff Austrian

Airlines' supplemental Rule 26(a) disclosure as to, inter alia, currency fluctuation damages.  (See

Toriello 4/19/05 Letter to Court.)

Plaintiff Austrian Airlines' original Rule 26(a) disclosure provided:

    C.   Computation of Damages

        As pled in the Complaint, Austrian is entitled to recovery from UTF for the
    difference between the contract price for the Aircraft under the Agreement and the
    market price as of the date of UTF's repudiation of the Agreement, plus interest, fees
    and expenses.  Austrian has not completed a damage analysis at this time.

(Toriello 4/19/05 Letter to Court, Ex. A: 9/17/04 Austrian Airlines Rule 26(a) Disclosure.)

At defendant UTF's request, the Court directed plaintiff Austrian Airlines to amend

its Rule 26(a) damage disclosure.  Austrian Airlines' amended Rule 26(a) disclosure provided, inter

alia:

1.  The contract price for the Aircraft under the Aircraft Purchase Agreement, which is $33 million. Austrian is also entitled to damages resulting from the currency fluctuation of the U.S. dollar since the date on which UTF was to have paid the $33 million contract price. The precise amount of currency fluctuation damages will be he subject of expert calculation.

(Toriello 4/19/05 Letter to Court, Ex. B: 4/13/05 Austrian Airlines "First Supplement to Plaintiff's Initial Disclosures.") The Court notes that the date for the conclusion of fact discovery has long been set as April 29, 2005.

Defendant UTF's letter application to strike was discussed at the April 21, 2005 status conference. (See generally 4/21/05 Conf. Tr.)[1] As to currency fluctuation damages, plaintiff's counsel conceded that the contract at issue in the case is in dollars, but asserted that it was foreseeable to defendant UTF that plaintiff Austrian Airlines would have converted those dollars to Euros. (4/21/05 Conf. Tr. at 26-27.) Plaintiff's counsel also asserted that the amount had not yet been calculated because it would depend on the conversion rate at the time of judgment. (Id. at 27-28.) The Court challenged plaintiff's counsel to identify a single case supporting such a damage theory, and plaintiff's counsel asked for the opportunity to submit a letter brief. (Id. at 28-31.)

Plaintiff's letter, however, took a different tack, and alleged that under New York law, currency conversion damages should be determined as of the date of the breach. (4/25/05 Wallace Letter to Court at 2.)

---

[1]     Defendant UTF's other objections to plaintiff's revised damage disclosure were, for the most part, deferred for re-consideration after the testimony of plaintiff's Rule 30(b)(6) witness and plaintiff's expert report. (See 4/21/05 Conf. Tr. a 18-19, 26.) The Court also precluded plaintiff from using any documents not already provided. (Id. at 23-26.)

For the reasons stated below, the Court precludes plaintiff Austrian Airlines' currency conversion damage theory.

First, plaintiff's complaint did not put defendant on notice of this currency conversion damage claim. (<u>See</u> Compl. ¶¶ 87-89 & Wherefore Clause.)

Second, and most important, plaintiff's original Rule 26(a) disclosure (quoted above), did not assert any claim for currency conversion damages. Rule 26(a)(1)(C) requires <u>initial</u> disclosure of "a computation of any category of damages claimed by the disclosing party. . . ." Nowhere does plaintiff's initial Rule 26(a) disclosure refer to currency conversion damages, much less make the calculation – which, on plaintiff's theory that it is as of the date of breach, could have been easily calculated at the time of the initial disclosure. Plaintiff's amended disclosure, just two weeks before the close of discovery, is not a reasonable amendment or update; it is simply too late.

Rule 37 requires virtually automatic preclusion of information not disclosed pursuant to Rule 26(a)(1). Rule 37 provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). This is not a case where plaintiff needed discovery from defendant to compute its currency conversion damages. And even if plaintiff could not calculate its currency conversion damages at the time of its initial disclosure (which the Court doubts, since the Euros' value as against the dollar is published in the New York Times, among other sources), there is no reason that it did not disclose its currency conversion damage <u>theory</u>. The Court will not allow

plaintiff Austrian Airlines to assert this new, additional damage theory at the eleventh hour. Pursuant to Rules 26(a)(1)(C) and 37(c)(1), preclusion is appropriate. The case law supports application of these Rules to failure to disclose damage theories in the Rule 26(a)(1)(C) initial disclosure. See, e.g., Gilvin v. Fire, No. 99-CV-530, 2002 WL 32170943 at *3 (D.D.C. Aug. 16, 2002) ("At no time prior to filing the Pretrial Statement did Plaintiff identify any actual damages resulting from [defendant's conduct], let alone provide a computation of such damages in accordance with Fed. R. Civ. P. 26(a)(1)(C). . . . [B]ecause Plaintiff failed to provide Defendant with a computation of his damages for expense restrictions and failed to provide any factual basis whatsoever for the claim, Plaintiff may not present evidence at trial of those damages."); American Realty Trust, Inc. v. Matisse Partners, L.L.C., No. 00-CV-1801, 2002 WL 1489543 at *6 (N.D.Tex. July 10, 2002) ("[T]he plaintiffs here had all of the necessary facts to disclose their damage theory months ago, and they have never provided proper support for their damage calculations. Therefore, for all of the reasons discussed, the court grants the defendants' motion to exclude the plaintiffs' evidence of damages arising from securities liquidated due to margin calls."); Colombini v. Members of the Bd. of Dirs. of the Empire Coll. Sch. of Law, No. C9704500CRB, 2001 WL 1006785 at *8 (N.D. Cal. Aug. 17, 2001) (Defendants' motion for summary judgment on the plaintiff's claims for damages granted pursuant to Fed. R. Civ. P. 26(a) and 37(c)(1) where plaintiff "has utterly failed to provide a calculation of those damages despite repeated requests from the defendants."), aff'd, No. 01-16872, 61 Fed. Appx. 387, 2003 WL 1827225 (9th Cir. Apr. 7), cert. denied, 540 U.S. 1000, 124 S. Ct. 486 (2003).

Finally, the Court had required plaintiff Austrian Airlines to find case law support for its currency conversion damage theory. (See page 2 above.) The cases Austrian Airlines has cited (see 4/25/05 Wallace Letter to Court at 2), however, are not on point – they all involved contracts where the price was expressed in a foreign currency, and the court therefore had to convert to U.S. dollars in order to enter judgment in dollars. See Vishipco Line v. Chase Manhattan Bank N.A., 660 F.2d 854, 865, 866 (2d Cir. 1981) (contract was in Vietnamese piastres; "As a federal court sitting in diversity, we must apply the currency-conversion rule employed by the courts of New York, which has followed the breach-day rule for many years. Therefore, plaintiffs are entitled to recover an amount in dollars which reflects the exchange rate between dollars and South Vietnamese piastres at the time of breach. . . .") (citing New York cases), cert. denied, 459 U.S. 976, 103 S. Ct. 313 (1982); Parker v. Hoppe, 257 N.Y. 333, 178 N.E. 550 (1931) (contract in Russian rubles, conversion to dollars to be at date of breach or declaration of intention to rescind contract); Teca-Print A.G. v. Amacoil Mech., Inc., 138 Misc. 2d 777, 252 N.Y.S.2d 575 (Sup. Ct. N.Y. Co. 1988) (contract in Swiss Francs, conversion into dollars for the judgment); 11-55 Corbin on Contracts § 1005 (2004) (where breach of contract for dollars occurs, judgment is for that amount in dollars; where a foreign currency is involved, conversion to dollars is required). Accordingly, plaintiff has not demonstrated that any New York court (or federal court applying New York law in a diversity case) has awarded currency conversion damages where the contract is expressed in dollars, as opposed to a foreign currency. The Court is not, however, ruling on this issue as one of substantive law (i.e., summary judgment) as plaintiff alleges. (See 4/25/05 Wallace Letter at 2-3.) Rather, the Court has reviewed the substantive law to determine if the Court should, in the interest of justice, see Fed. R. Civ. P. 1,

allow plaintiff's late assertion of its conversion damage theory. The Court has concluded that since it is highly unlikely that plaintiff would prevail on this issue, even if its late disclosure were permitted, that there is no reason to excuse plaintiff's failure to comply with Rule 26(a)(1)(C).

## **CONCLUSION**

For the reasons set forth above, pursuant to Rule 26(a)(1)(C) and 37(c)(1) of the Federal Rules of Civil Procedure, the Court precludes plaintiff from asserting any currency conversion damage claim in this case.[2]

SO ORDERED.

Dated:     New York, New York
           April 28, 2005

_____
**Andrew J. Peck**
United States Chief Magistrate Judge

Copies to:   William E. Wallace, III, Esq.
             Andrew E. Tomback, Esq.
             John M. Toriello, Esq.
             Judge Richard C. Casey

---

[2]   Plaintiff's claim for its attorneys' fees as sanctions against defendant UTF for what plaintiff's counsel asserts was defendant's "frivolous" application is of course denied. The Court can only wonder what plaintiff's counsel was thinking in asserting that defendant's motion was frivolous and in bad faith.